### ROSS et al. v. INGERSOLL et al.

(Supreme Court, Appellate Division, First Department. December 9, 1898.)

1. APPEAL—STIPULATION OF PARTIES.

It cannot be assumed, on appeal from order denying motion, in contravention of stipulation of parties that the printed papers contain true copies of all the papers used before the court on the hearing of the motion on which the order appealed from was made, that other papers were before it, which called on it to entertain the application contained in the notice of motion, and conferred authority on it to act.

2. APPELLATE DIVISION—ORIGINAL JURISDICTION.
    The appellate division has no jurisdiction to entertain, as an original application, a motion to send back the case on appeal to the referee for resettlement.

Appeal from special term, New York county.

Action by J. C. Ross and another against Robert H. Ingersoll and another. From an order denying motion to amend the proposed case on appeal as settled by the referee, and for other relief, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

H. B. Kinghorn,·for appellants.
E. Hassett, for respondents.

VAN BRUNT, P. J.  It appears upon the face of the order appealed from that the motion was dismissed for the lack of power to entertain it. There is nothing contained in the papers before us to show that the court below was called upon in any way to entertain the application set forth in the notice of motion. There is no affidavit in the papers which brought any facts before the court which called upon it to act. The stipulation of the parties (which, under the Code, is to be taken in lieu of the certificate of the clerk) is to the effect that the printed papers contain true copies of the notice of appeal, order appealed from, and of the papers used before the court upon the hearing of the motion upon which the order appealed from was made, and of each and every part thereof; and we cannot assume upon this appeal that this stipulation is false, and that other and different papers than those contained in the record were before the court, which conferred authority upon it to act. It would seem, from the decision of the court below, that it was of the opinion that the application to send the case back to the referee for resettlement should be made to the appellate division. It is difficult to see where the appellate division gets any authority to entertain any such motion as an original application. The jurisdiction of the appellate division is appellate, except in those cases in which original jurisdiction is expressly conferred upon it by statute. Such jurisdiction does not extend to the ordinary motions made in the progress of an action. While the court at special term cannot compel a referee to settle a case in a particular way, under proper circumstances it has the right to send it back to such referee for resettlement.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.